Green, Judge,
delivered the opinion of the court:
On June 25, 1932, the plaintiff was appointed secretary and law clerk to the Judge of the District Court of the United States for the Canal Zone and served until February 28, 1934, when his resignation was requested by the newly appointed Judge of this court. When he resigned he requested commutation of such leave as was then due him. *552 I-Iis request was. denied by the United States Marshal. He then filed a claim for the commuted value of such leave with the General Accounting Office which was also disallowed. He now brings suit to recover the cash value of the leave which he had accumulated but not used at the time of his resignation.
By section 4 of the Panama Canal Act of August 24, 1912 (37 Stat. 561), the President was authorized to complete, govern, and operate the Panama Canal and govern the Canal Zone, or cause this to be done through other persons. The statute further provided that “the compensation of such persons shall be fixed by the President, or by his authority”, within a limitation not material here. An Executive Order of the President provided for twenty-four days of annual leave for employees, which could be taken annually or left to accumulate to the credit of the employee. The order also provided that when an employee’s service was terminated a cash payment in commutation of leave would be made to him for the number of days of cumulative leave due plus the annual leave due. Regulations carrying into effect this order were in force at the time of plaintiff’s resignation.
As above stated, the claim was denied by the Comptroller General who held that the provision in the Act of August 24, 1912, concerning the fixing of compensation by the President “does not include the authority to grant cash gratuities to former employees”, but we think the provision with reference to accumulated leave is not a gratuity but a part of the employee’s compensation. If any further reasons are needed to sustain plaintiff’s claim they will be found in an exhaustive opinion by the Attorney General dated October 7, 1935, upon the validity of the provision in the Executive Order regarding leave in the Canal Zone, which overrules the decision of the Comptroller General and sustains plaintiff’s right to recover the amount of his accumulated leave at the time he left the Court service.
Judgment will be rendered in favor of plaintiff for the commuted value of his unused leave, which is $619.46.
Whaley, Judge; Williams, Judge-, Littleton, Judge', and Booth, Chief Justice, concur.